| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE STEUBEN CIRCUIT/SUPERIOR COURT |
| | ) ss: | CIVIL DIVISION |
| COUNTY OF STEUBEN | ) | CAUSE NO.: 76C01-1209-CT-0520 |

MICHAEL PREZIOSO,

    Plaintiff,

vs.

TOTAL QUALITY SERVICE, LLC
D/B/A TOTAL QUALITY LOGISTICS,
MUHAMED PILIPOVIC,
DYNARTH,
WILLIE JAMES WILLIAMS, JR., and
EDVIN OMEROVIC,

    Defendants.

FILED
SEP 14 2012
Michelle Herbert
CLERK, STEUBEN CIRCUIT COURT

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Michael Prezioso, by counsel, and for his Complaint for Damages against the Defendants, alleges and asserts that:

1. At all times mentioned herein, the Plaintiff, Michael Prezioso, was a resident of the County of Niagra, State of New York.

2. At all times relevant herein, the Defendant Total Quality Service, LLC d/b/a Total Quality Logistics (hereinafter "Total Quality"), was a limited liability company, organized and existing under the laws of the State of Missouri, and was conducting business within the State of Indiana.

3. At all times relevant herein, the Defendant, Muhamed Pilipovich, was a resident of the County St. Louis, city of St. Louis, State of Missouri.

4. At all times relevant herein, the Defendant, Dynarth, is a business, organized and existing under the laws of the State of Missouri, owned and operated by Defendant, Willie

Wiliams, which was conducting business within the State of Indiana.

5. At all times relevant herein, the Defendant, Edvin Omerovic, was a resident of the County of St. Louis, city of St. Louis, State of Missouri.

6. At all times relevant herein, the Defendant, Willie James Williams, Jr. and/or Defendant, Dynarth, owned a 2005 Freightlineer Columbia, a semi tractor and entrusted Defendant, Muhamed Pilipovic at all relevant times herein to operate it.

7. At all times relevant herein, Defendant, Edvin Omerovic, owned and operated Total Quality Service, LLC and operated under and assumed name of Total Quality Logistics.

8. At all times relevant herein the Defendant, Muhamed Pilipovich, was an employee, agent and representative of the Defendant, Total Quality.

9. At all times relevant herein the Defendant, Muhamed Pilipovich, was an employee, agent and representative of the Defendant, Willie James Williams, Jr. and/or Dynarth.

10. At all times relevant herein, Defendant, Muhamed Pilipovich was acting within the scope and course of that employment with Defendant, Total Quality.

11. At all times relevant herein, Defendant, Muhamed Pilipovich was acting within the scope and course of his agency with Defendant, Total Quality.

12. At all times relevant herein, Defendant, Muhamed Pilipovich was acting within the scope and course of that employment with Defendants, Dynarth and Willie James Williams.

13. At all times relevant herein, Defendant, Muhamed Pilipovich was acting within the scope and course of his agency with Defendant, Dynarth and Willie James Williams.

14. At all times relevant herein, Defendant, Total Quality, provided DOT and/or ICC numbers to the semi tractor that Muhamed Pilipovich operated.

15. At all times mentioned herein, there was and now is in the County of Steuben,

State of Indiana, a public thoroughfare known as the Indiana Toll Road or Interstate 80/90, where East Point Toll Plaza is located at mile marker 153, which runs generally in an easterly and westerly direction.

16. On or about the 13th day of October, 2010, at approximately 10:45 p.m., the Plaintiff, Michael Prezioso, was the owner and driver of a 2007 Ford Explorer as he was stopped at a toll booth, facing eastbound on the Indiana Toll Road at or near the 153 mile mark at the toll plaza.

17. At said time and place, the Defendant, Muhamed Pilipovich, operated a 2005 Freightliner under the direction and authority of Defendants, Total Quality, Dynarth, and/or Willie James Williams and was hauling a trailer for Defendant, Total Quality, as he was faced in an easterly direction at the East Point Toll Plaza, directly in front of the Plaintiff, Michael Prezioso.

18. At said time and place, the Defendant, Muhamed Pilipovich, suddenly and without warning backed up the semi tractor trailer that he was operating and struck Plaintiff's vehicle.

19. At said time and place, the Defendants were careless and negligent in one or more of the following respects:

    a. Defendants carelessly and negligently failed to maintain a safe and proper distance with the vehicles behind him.

    b. Defendants carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway;

    c. Defendants carelessly and negligently failed to apply the brakes of the semi-trailer which Defendant was operating, in time to avoid a collision with the vehicle in which the Plaintiff was a passenger;

    d. Defendants carelessly and negligently failed to keep Defendants' semi tractor trailer under proper control so as to avoid a collision

        with the vehicle in which the Plaintiff was a passenger;

  e.      Defendants carelessly and negligently failed to change, alter or divert the course of Defendants' semi tractor trailer so as to avoid a collision with the Plaintiff;

  f.      Defendants violated Indiana law by driving the wrong way on a one way road; and

  g.      Defendants negligently entrusted, retained, and hired Muhamed Pilipovich with the operation of the 2005 Freightliner semi tractor trailer.

20. As a direct and proximate result of the Defendants carelessness and negligence, the Plaintiff, Michael Prezioso, has sustained personal injuries including, but not limited to, injuries to his upper and lower spine, including but not limited to injuries at his C5-6 and C6-7 disc levels that caused significant radiculopathy ultimately requiring cervical decompression and fusion surgery.

21. As a result of the injuries that Plaintiff, Michael Prezioso sustained in the collision, he has experienced extreme physical pain and suffering and limitations upon activities.

22. All of said injuries are permanent, except those which are superficial in nature.

23. In an attempt to treat his injuries and lessen his pain and suffering, Plaintiff, Michael Pilipovich, has been required to engage the services of hospitals, physicians, and physical therapists for medical care and treatment, medication, radiological studies, and ultimately surgery, for which he has incurred medical expenses.

24. The Plaintiff, Michael Prezioso, will require additional medical care and treatment in the future, for which he will incur additional medical expenses.

25. At the time of the collision, the Plaintiff was gainfully employed and, as a result of the collision, the Plaintiff was forced to miss work, and has incurred lost wages.

26. As a direct and proximate result of the carelessness and negligence of the

Defendants, as aforesaid, Plaintiff, Michael Prezioso has lost wages and his earning capacity has been permanently impaired.

27.   As a direct and proximate result of the carelessness and negligence of the Defendants, as aforesaid, the Plaintiff has been permanently injured and damaged.

WHEREFORE, the Plaintiff, Michael Prezioso, prays for judgment against the Defendants in an amount commensurate with his injuries and damages, for costs of this action and for all other just and proper relief in the premises.

Respectfully submitted,

YOSHA COOK SHARTZER & TISCH

By: _____
Bryan C. Tisch, No. 24693-49
Counsel for Plaintiff

YOSHA COOK SHARTZER & TISCH
9102 N. Meridian Street, Suite 535
Indianapolis, IN 46260
(317)334-9200
Attorney No: 24693-49