UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL PREZIOSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-368 |
| | ) | |
| TOTAL QUALITY SERVICE, LLC d/b/a | ) | |
| TOTAL QUALITY LOGISTICS, | ) | |
| MUHAMED PILIPOVIC, DYNARTH | ) | |
| WILLIE JAMES WILLIAMS, JR., and | ) | |
| EDVIN OMEROVIC, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the Steuben Circuit Court by Defendants Total Quality, LLC, Muhamed Pilipovic, and Edvin Omerovic based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of Removal states that Defendants Dynarth and Willie James Williams, Jr., are both "alleged in Plaintiff's Complaint to be citizens of Missouri." (Notice of Removal ¶ 10.)  A review of the Complaint, however, reveals that this allegation is incorrect.  All the Complaint says about the citizenship of Defendants Dynarth and Williams is that "Dynarth[ ] is a business, organized and existing under the laws of the State of Missouri, owned and operated by Defendant, Willie Williams, which was conducting business within the State of Indiana."  (Compl. ¶ 4.)

Such allegations are insufficient to establish diversity jurisdiction for two reasons.  First, neither the Notice of Removal nor the Complaint indicate *what* kind of business Dynarth is.  If Dynarth is a corporation, then it is a "citizen[ ] of the state in which [it is] incorporated *and* of

1

the state in which [it has its] principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, if Dynarth is a corporation, the Court must be apprised of its state of incorporation and the state in which its principal place of business is located.

On the other hand, if Dynarth is a limited liability company, its citizenship is determined by the citizenship of its members, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and the Court would therefore need to be advised of the citizenship of all Dynarth's members to ensure that none of its members share a common citizenship with Plaintiff, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship would need to be "traced through multiple levels" for those members of Dynarth who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Similarly, if Dynarth is a limited partnership, then it "has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, the Court would "need[ ] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, as discussed *supra*, "the citizenship of unincorporated associations must [then] be

traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen."). Therefore, Defendants must first advise the Court of Dynarth's legal character and then make the proper citizenship allegations based on that character.

Moreover, contrary to Defendants' representation in the Notice of Removal, the Complaint does not contain any allegations as to the citizenship of Defendant Willie James Williams, Jr. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). As such, the Court must also be advised of Defendant Williams' citizenship, which is determined by his domicile.

Therefore, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before November 7, 2012, alleging the legal character of Defendant Dynarth—and making the proper citizenship allegations based on its legal existence—and the citizenship of Defendant Willie James Williams, Jr.

SO ORDERED.

Enter for this 24th day of October, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge